2021R00738/SCF

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | Hon. Claire C. Cecchi |
| | : | |
| v. | : | Crim. No. 23-CR-268 |
| | : | |
| KEVIN MOREL | : | 18 U.S.C. § 371 |

# **I N F O R M A T I O N**

The defendant having waived in open court prosecution by Indictment, the United States Attorney for the District of New Jersey charges:

1. From in or around December 2020 through in or around January 2021, in the District of New Jersey and elsewhere, the defendant,

**KEVIN MOREL**,

not being a licensed dealer of firearms within the meaning of Chapter 44, Title 18, United States Code, did knowingly and intentionally conspire and agree with others, including Co-Conspirator-1, to commit an offense against the United States, namely, to willfully engage in the business of dealing in firearms, contrary to Title 18, United States Code, Section 922(a)(1)(A).

## **OBJECT OF THE CONSPIRACY**

2. It was the object of the conspiracy for defendant KEVIN MOREL ("MOREL") and a Co-Conspirator ("Co-Conspirator-1") to profit by illegally selling firearms without a license in the District of New Jersey.

**MANNER AND MEANS OF THE CONSPIRACY**

3. MOREL and Co-Conspirator-1 obtained firearms from licensed gun dealers in Georgia for the purpose of unlawfully selling those firearms to other individuals, including in the District of New Jersey.

4. Co-Conspirator-1, who has no criminal record and can legally purchase firearms, would purchase the firearms from licensed gun dealers and transfer the firearms to MOREL, who would then transport the firearms to the District of New Jersey for resale.

5. In furtherance of the conspiracy, MOREL used a social media platform (the "Platform") to market and arrange firearms sales.

**OVERT ACTS**

6. In furtherance of this conspiracy and to effect its unlawful object, MOREL and his co-conspirators committed and caused to be committed the following overt acts in the District of New Jersey and elsewhere:

a. MOREL used his Platform account to market and arrange firearm sales. For example, on or about December 12, 2020, MOREL discussed a potential future firearm purchase with Individual-1 through the Platform's direct messaging feature. During the conversation, Individual-1 asked MOREL about pricing and indicated interest in "9s 22 40 45[,]" a reference to various firearm models. Later during the same conversation, MOREL sent a string of messages stating: "Im going for new years [s]o the 28th is the deadline for purchase." . . . "I charge a delivery fee [s]o its 200 on top of what the strap cost[.]" These

communications indicate that MOREL planned to charge Individual-1 a $200 fee in excess of the purchase price of the firearm, *i.e.*, the "strap."

      b. On or about January 20, 2021, Co-Conspirator-1 purchased two firearms from a licensed gun dealer in Alpharetta, Georgia. Specifically, Co-Conspirator-1 purchased a Glock 42 .380 caliber handgun, bearing serial number ADCE722 and a Glock 43 9 millimeter handgun, bearing serial number BFHR435 (collectively, the "Firearms").

      c. Two days later, on or about January 22, 2021, MOREL was involved in a motor vehicle stop in Secaucus, New Jersey, at which point he was in possession of the Firearms, which he had previously obtained from Co-Conspirator-1.

In violation of Title 18, United States Code, Section 371.

## FORFEITURE ALLEGATION

As a result of committing the firearms offense contrary to 18 U.S.C. § 922(a)(1), in violation of 18 U.S.C. § 371, as charged in this Information, the defendant,

**KEVIN MOREL**,

shall forfeit to the United States, pursuant to 18 U.S.C. § 924(d)(1) and 28 U.S.C. § 2461(c), any firearms and ammunition involved in or used in the commission of such offense, including, but not limited to, the following:  (1) one Glock 42 .380 caliber handgun, bearing serial number ADCE722; and (2) one Glock 43 9 millimeter handgun, bearing serial number BFHR435

## SUBSTITUTE ASSETS PROVISION

If any of the property described above, as a result of any act or omission of the defendant:

    a)   cannot be located upon the exercise of due diligence;

    b)   has been transferred or sold to, or deposited with, a third party;

    c)   has been placed beyond the jurisdiction of the court;

    d)   has been substantially diminished in value; or

    e)   has been commingled with other property which cannot be divided without difficulty,

the United States shall be entitled, pursuant to 21 U.S.C. § 853(p), as incorporated by 28 U.S.C. § 2461(c), to forfeiture of any other property of the defendant up to the value of the above-described forfeitable property.

*Philip R. Sellinger*
PHILIP R. SELLINGER
United States Attorney

**CASE NUMBER:** 23-CR-268 (CCC)

**United States District Court**
**District of New Jersey**

**UNITED STATES OF AMERICA**

v.

**KEVIN MOREL**

**INFORMATION FOR**

**18 U.S.C. § 371**

**PHILIP R. SELLINGER**
*UNITED STATES ATTORNEY*
*FOR THE DISTRICT OF NEW JERSEY*

SAMANTHA C. FASANELLO
ASSISTANT U.S. ATTORNEY
NEWARK, NEW JERSEY
973-297-4388